UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| THOMAS JEROME JOHNSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV413-267 |
| | ) | CR411-061 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

Thomas Jerome Johnson pled guilty to, and thus was convicted of, gun charges in violation of 18 U.S.C. § 922(g)(1) and § 924(3). Doc. 43.[1] He received a 180-month sentence. *Id.* at 2. Following an unsuccessful direct appeal, doc. 60, he now moves for 28 U.S.C. § 2255 relief from his conviction. Doc. 62. Upon preliminary review under the Rule 4(b) of the Rules Governing Proceedings under 28 U.S.C. § 2255, his motion should be denied.

**I. ANALYSIS**

**A. The Armed Career Criminal Act**

Johnson's first claim is that the Armed Career Criminal Act (ACCA) "is unconstitutionally vague, since neither trained jurists, nor

---

[1] All record citations are to the docket sheet for this criminal case. All pinpoint citations are to the page number assigned by the Court's electronic filing system to the upper right hand corner of each page.

ordinary citizens can determine in advance what predicate convictions qualify as an element of the crime." Doc. 62 at 4. That is the entirety of his claim. Johnson supplies no argument, record cites, or contextual linkage to his case, so it is denied on abandonment grounds alone. *See Bartley v. United States*, CV413-249, 2013 WL 6234694 at * 3 (S.D. Ga. Dec. 2, 2013) (§ 2255 claims bereft of argument and citation to the record may be denied on pleading-deficiency grounds alone). This claim is also procedurally defaulted, in that he failed to raise it on appeal.[2] Finally, it is meritless in any event. *Sykes v. United States*, ___ U.S. ___, 131 S.Ct. 2267, 2277 (2011) (the ACCA provides constitutionally sufficient

---

[2] As the Eleventh Circuit explained, in another ACCA case:

> A claim is procedurally defaulted, such that the prisoner cannot raise it in a collateral proceeding, when a defendant could have raised an issue on direct appeal but did not do so. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir.2004). A claim is procedurally defaulted even if it was foreclosed explicitly by existing circuit precedent at the time of the defendant's direct appeal. *McCoy v. United States*, 266 F.3d 1245, 1258–59 (11th Cir.2001) (noting that perceived futility does not constitute cause to excuse a procedural default).

*Hill v. United States*, 2013 WL 5526521 at *2 (11th Cir. Oct. 8, 2013). "Defendants can avoid the procedural bar by establishing that either of the following exceptions applies: (1) cause and prejudice, or (2) a miscarriage of justice based on actual innocence." *Id.*; *see also Geter v. United States*, 2013 WL 4054907 at * 4-5 (11th Cir. Aug. 13, 2013) (no ineffective-assistance based cause shown to overcome procedural default on ACCA claim). Johnson makes no such showing here.

2

guidance that allows a person to conform his conduct to the law); *United States v. Thomas*, 2013 WL 6334074 at * 1 (6th Cir. Dec. 5, 2013).[3]

## B. Ineffective Assistance

Johnson's remaining claims are premised on this general claim: "[My] guilty plea was unintelligent and involuntary since [I] did not realize the plea agreement provided [me] no benefit." Doc. 62 at 5. In his supporting facts he complains that "[n]either counsel nor the court explained to [him] that in the light of the mandatory minimum sentence, he was receiving no benefit from the plea agreement or surrender of his constitutional rights; except for that misunderstanding, he would not have pleaded guilty." *Id.*

He "did not know," he insists, "that his prior convictions were 'indisputable' qualifying predicate convictions and that once he pleaded he had no choice of receiving anything other than 180 months sentence, or he would have proceeded to trial." *Id.* And his attorney, Soloman A. Amusan, "either misinformed him or failed to advi[s]e him of at all regarding the consequences of his guilty plea and the mandatory

---

[3] Johnson's sub-issue, that the ACCA "permits arbitrary and random law enforcement, since local authorities are able to use the threat of a mandatory minimum to avoid accountability for constitutional or illegal actions," doc. 62 at 4, is also procedurally defaulted, not to mention frivolous on its face.

3

minimum." *Id.* at 7. To show prejudice on these representational failures, Johnson maintains that he could have at least forced the government to try his case and hope for an acquittal. *Id.* "By not putting the government to that test counsel abandoned [Johnson's] only chance and eviscerated the adversary process." *Id.*

Johnson's claims are heavily impacted by his guilty plea, since a defendant who enters an unconditional plea of guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (emphasis added). That is, "[a] defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997) (citing *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984)). The bar applies both on appeal and on collateral attack. *See United States v. Broce*, 488 U.S. 563 at 569 (1989).

On pre-plea ineffectiveness claims the Court is guided by *Hill v. Lockhart*, 474 U.S. 52 (1985), which advanced a slightly modified version of the two-prong ineffective assistance of counsel test first announced in

4

*Strickland v. Washington*, 466 U.S. 668 (1984). Where a movant enters a plea of guilty and then collaterally challenges it as involuntary due to constitutionally deficient representation, he must first demonstrate that his attorney's performance was deficient, which requires a showing that counsel's advice regarding the plea was outside the "range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)); *see Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Then he must demonstrate that the defective performance prejudiced the plea process to such a degree that the plea cannot be trusted. *Hill*, 474 U.S. at 59.

The record negates Johnson's claims outright. At the Fed. R. Crim. P. 11 hearing on whether to accept Johnson's guilty plea, the district judge warned him of his sentencing exposure:

> Q. Now . . . if you are an armed career criminal, then I have *no* authority to sentence you to less than 15 years, up to life imprisonment, $250,000 fine, not more than five years of supervised release, and $100 special assessment.
>
> Now, if you do not meet the test of an armed career offender, *still* I may not sentence you to less than ten years 20 much imprisonment, a $250,000 fine, no more than three years 21 of supervised release, and $100 special assessment.
>
> Is that what has been told to you?

5

A. *Yes, sir.*

THE COURT: So I assume there is not an agreement whether or not he is an armed career criminal. Is that correct?

[PROSECUTOR]: It is not agreed, but it appears that he is. And that is in the plea agreement.

THE COURT: That is the government's position.

[PROSECUTOR]: Yes, sir.

*Q (By The Court)* So at sentencing, I'll have to make that determination.

[JOHNSON]: Yes, sir.

Q. And that largely rests upon the record. And probation officers will have that, and you will have a copy of it before I do. But even if you are not, you get at least a ten-year sentence of imprisonment.

A. Yes, sir.

Q. Do you understand that?

A. *Yes, sir.*

Q. Now, if the Court considers you are, then the minimum, the *least* would be a 15-year sentence. Do you understand that?

A. *Yes, sir.*

Q. All right. Do you have any questions of the Court or Mr. Amusan regarding what the charges are, essential elements, that is, what the government has to prove, or what the statutory penalty is?

A. *No sir.*

Doc. 56 at 20-21 (emphasis added). Hence, the Court warned Johnson that he faced a minimum 15 year sentence and could get life; under oath (*id.* at 6), Johnson said he understood (he ultimately received 15 years, doc. 43 at 2), and if he did not then he could have said so. He also could have stopped the guilty-plea proceeding at this point but did not. The same must be said for later in that proceeding, when the judge further warned him:

> Q. Now in this case, there will be guidelines that I will follow. But this is what you call a minimum mandatory. In other words, the law says the judge has no discretion going below this sentence. Do you understand that?
>
> A. Yes, sir.
>
> Q. But even then, I can go up, and there will be a guideline sentence on this case. I will look at it, and decide, and you will have a chance -- I have to calculate the guidelines. [Defense counsel, Soloman A.] Amusan has calculated guidelines. And he will do that in this case to ensure that we get the guidelines right.
>
> I am not bound to follow the guidelines. They are advisory, but I must calculate a guideline sentence, whether or not I follow it. But I have no discretion about going below the guidelines, going below the statutory sentence that we've talked about.
>
> Do you understand what I'm saying?
>
> A. *Yes, sir.*

*Q. All right. Now, of course, criminal history is part of the things that guidelines take into consideration, whether or not this was any obstruction of justice, the role you might have played in any criminal enterprise, and whether or not you tell the truth, and accept responsibility. You get a significant benefit for that. Do you understand that?*

*A. Yes, sir.*

Doc. 56 at 23-24 (emphasis added). Thus, under oath Johnson stated that he understood the minimum 15-year sentence that he faced, and that by pleading guilty he would reap "taking-responsibility" consideration which, as will be further detailed below, he received.

Those record facts show that Johnson fails to meet the *Hill* requirements. He does not plead, for example, that his predicate offenses in fact did not support the ACCA enhancement that he was forewarned about. His pleadings also fail to demonstrate why Amusan's representation was deficient.

In fact, Amusan won a net benefit on Johnson's behalf. Again, he faced up to a life sentence, yet received only the mandatory 15-year minimum. Doc. 43 at 2. And at one point the district judge stated his inclination to give Johnson more than 15 years:

> You've reached the age where you've been given a lot of chances by the Court. On so many of the occasions that you were let out of early from your sentence, you violated the conditions of the Court's order and the law, and were revoked. Now I don't see much reason to *not* go above the minimum sentence in this case. I'm putting that before you and your lawyer. I would like to hear any statement that you wish to make, even though you are not required to make any. But this is your opportunity to present any information in mitigation of sentence?

Doc. 47 at 13.

Amusan then put up sentence-mitigation evidence and, thanks to the plea bargain that he obtained, won the government's accession to the statutory minimum *at sentencing*. *Id.* at 13-26. Johnson thus received the benefit of his plea bargain and competent counsel. His current motion comes nowhere close to establishing a viable ineffective-assistance claim (e.g., that Amusan misled him, failed to inform him of a substantial factor that, objectively speaking, would alter one's consideration of the plea deal being offered, or that the government deceived him). At most movant pleads a conclusion (that Amusan's "concession" on the "qualifying predicate offenses was unreasonable under the circumstances."). Doc. 62 at 7. That's not enough. *See Bartley,* 2013 WL 6234694 at * 3 (§ 2255 motions that merely laundry-list arguments and conclusions may be denied on their face).

## II. CONCLUSION

Thomas Jerome Johnson's 28 U.S.C. § 2255 motion (doc. 62) should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 13TH day January, 2014.

                                                 **UNITED STATES MAGISTRATE JUDGE**
                                                 **SOUTHERN DISTRICT OF GEORGIA**